**Frank SICURO et al.,
Plaintiffs-Appellees,**

v.

**Patricia R. HARRIS, as Secretary of the United States Department of Housing and Urban Development, et al., Defendants-Appellants.**

**No. 76–2872.**

United States Court of Appeals,
Ninth Circuit.

May 29, 1979.

Robert S. Greenspan, Washington, D. C., for defendants-appellants.

Aviva K. Bobb, Patricia M. Tenoso, Los Angeles, Cal., for plaintiffs-appellees.

Before WALLACE and HUG, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

The Secretary of Housing and Urban Development (Secretary) appeals from a district court order requiring her to implement the rent supplement provisions of the National Housing Act at the Woodland Terrace Apartments (WTA).

We reverse.

The Woodland Terrace Apartments are a 79 unit housing project for low income families. The project was built in 1970–71 with federal subsidy assistance under the "Section 236" program of the National Housing Act (Act). 12 U.S.C. § 1715z–1. Under that program, no tenant in a Section 236 project should have to pay more than the "basic rent" (as defined by the Act) or 25% of his or her "adjusted income," whichever is higher. The Act establishes a number of subsidiary programs which are designed to achieve that goal.

This appeal concerns one subsidiary program, known as the "rent supplement payments program." 12 U.S.C. § 1701s. Under that program, the Secretary

"is authorized to make, and contract to make, annual payments to a 'housing

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

owner' on behalf of 'qualified tenants', as those terms are defined herein, in such amounts and under such circumstances as are prescribed in or pursuant to this section."

Rent supplement payments have never been made on behalf of anyone living at WTA. Since July 1975, however, many of the residents have been charged rents which exceed both 25% of their adjusted incomes and the "basic rent." In some cases rents are as much as 50% of adjusted incomes.

To reduce their rents, WTA tenants asked the Secretary to implement the rent supplement program. She refused.

In October 1975 the tenants filed this class action to compel the Secretary to implement the rent supplement program. The district court found that at least some of the Appellees were "qualified tenants" eligible for rent supplement payments. The court held that the Secretary's authority under 12 U.S.C. § 1701s was mandatory and therefore ordered her to implement the program.[1]

The Secretary appeals. She asserts that the district court erred in construing her authority as mandatory. She contends that her authority is discretionary, and that her refusal to implement the program at WTA was a permissible exercise of discretion.

In *Abrams v. Hills*, 9 Cir., 547 F.2d 1062 (1976), we decided that Congress gave the Secretary a limited discretion in exercising her authority to make "operating subsidy payments" under another Section 236 subsidiary program. 12 U.S.C. § 1715z–1.

Section 1715z–1 provides that

"For the purpose of reducing rentals for lower income families, the Secretary is authorized to make, and to contract to make, periodic interest reduction payments on behalf of the owner of a rental housing project designed for occupancy by lower income families  . . . ."

The language authorizing the Secretary to make rent supplement payments is similar to that in section 1715z–1. On the basis of our decision in *Abrams v. Hills, supra*, and the similarity of language used to define the Secretary's authority over the rent supplement and operating subsidy programs, we hold that the Secretary has a limited discretion to decide whether to make rent supplement payments at the Woodland Terrace Apartments.

Section 1701s was designed to assist "qualified tenants" by reducing their rentals. The Secretary must therefore administer the rent supplement program for those tenants. If, however, the Secretary determines that the "qualified tenants" at WTA would receive greater assistance from another applicable program,[2] then it would be within her discretion to implement an alternative to the rent supplement program.[3]

We therefore reverse and remand this case to the district court to determine whether the Secretary abused her discretion when she refused to implement the rent supplement program at Woodland Terrace Apartments.

## ORDER

It appearing that a number of cases involving the operating subsidy program of the 1974 National Housing Act, 12 U.S.C. § 1715z–1(f)(3) have been settled and that the parties to this case have requested this Court to refer to the district court that portion of the case which relates to the operating subsidy program so that the district court may consider the propriety of compromising this case in accordance with that settlement;

IT IS, THEREFORE, ORDERED that this case be remanded to the district court to consider the propriety of that settlement and to implement it if necessary, and,

1. *Sicuro v. Hills*, D.C., 415 F.Supp. 553 (1976).

2. For example, the "Section 8" program, 42 U.S.C. § 1437f, or the new "Troubled Projects Operating Subsidy" program, Sec. 201 of the Housing and Community Development Amendments of 1978.

3. We note that no such alternative program has been implemented at WTA.

IT IS FURTHER ORDERED that this court shall retain jurisdiction of the operating subsidy issues which were adjudicated in paragraphs 1, 2 and 3 of the district court's May 17, 1976 judgment until the settlement agreement is implemented through disbursement of the settlement fund.